UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRICKLAYERS PENSION TRUST FUND – METROPOLITAN AREA;

            Plaintiff,

vs.

Case No. 17-cv-
Hon.

INTEGRITY DEMOLITION & CONSTRUCTION, INC., a Michigan corporation, and RICHARD KARWOWSKI, an individual

            Defendants.

---

**NOVARA TESIJA, P.L.L.C.**
Paul M. Newcomer (P44501)
David Malinowski (P72076)
Katherine A. Tracey (P79445)
Attorneys for Plaintiffs
2000 Town Center, Suite 2370
Southfield, MI 48075
(248) 354-0380
pmn@novaratesija.com
dm@novaratesija.com
kat@novaratesija.com

---

## PLAINTIFF'S COMPLAINT

Plaintiff Bricklayers Pension Trust Fund – Metropolitan Area (the "Pension Fund"), allege as follows:

### JURISDICTION AND VENUE

1. This is an action for a statutory injunction to compel Defendants to respond to an information request pursuant to the express terms of the Employee Retirement Income

1

Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1001 *et seq.*, (1982).

2. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under section 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Troy, Michigan.

## PARTIES

4. The Pension Fund is a multiemployer pension plan with the meaning of section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with the Bricklayers and Allied Craftworkers Union, Local 2 of Michigan (the "Union") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Upon information and belief, Integrity Demolition & Construction, Inc. ("Integrity") is a corporation organized under the laws of the State of Michigan.

7. Upon information and belief, Richard Karwowski is an individual who resides in the State of Michigan.

## CLAIM FOR RELIEF

8. Karwowski formerly possessed an ownership interest in Everlast Masonry, Inc. ("Everlast").

9. Everlast had contribution obligations to the Pension Fund through Everlast's collective bargaining agreements with the Union.

10. On or around March 2010, Everlast filed a Chapter 7 bankruptcy and ceased operations.

11. The Pension Fund determined that on or about March 2010, Everlast and all trades or business under common control with Everlast (the "Everlast Controlled Group"), permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. §1383.

12. As a result of this complete withdrawal, the Everlast Controlled Group incurred joint and several withdrawal liability to the Pension Fund, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

13. The Pension Fund filed a proof of claim for the withdrawal liability in the Everlast bankruptcy. However, the full amount of the withdrawal liability remains due and owing to the Pension Fund.

14. Following the Everlast bankruptcy, Karwowski formed or took possession of an ownership interest in Integrity with the assets and equipment of Everlast.

15. Karwowski formed or took possession of an ownership interest in Integrity to avoid obligations to the Pension Fund, including the withdrawal liability assessment, and applicable collective bargaining agreements with the Union.

16. In 2017, the Pension Fund discovered that Integrity and Karwowski returned to work covered by the applicable collective bargaining agreements with the Union, but without resuming required contributions to the Pension Fund.

17. By letter dated May 30, 2017, the Pension Fund requested certain information and documents related to the Everlast Controlled Group from Karwowski, pursuant to section 4219(a) of ERISA, 29 U.S.C. § 1399(a) (the "Information Request") (EX 1).

18. Pursuant to section 4219(a) of ERISA, 29 U.S.C. § 1399(a), the Pension Fund has determined that the Information Request to Karwowski is necessary to enable the plan sponsor to comply with the requirements of the withdrawal liability provisions of ERISA. In the Information Request, the Pension Fund requested information and documents which are necessary for the Pension Fund to determine whether there are any trades or business, including, but not limited to Integrity, under common control with Everlast within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated there under, and which are liable for Everlast's withdrawal liability.

19. By e-mail dated July 13, 2017, to Integrity and Karwowski's attorney, the Pension Fund requested responses to the overdue Information Request and further stated that is the documents were not produced by July 21, 2017, the Pension Fund would have to file suit to obtain the information. (EX 2).

20. The language of section 4219(a) of ERISA, 29 U.S.C. 1399(a), is mandatory:

> An employer shall, within 30 days after a written request from the plan sponsor, furnish such information as the plan sponsor reasonably determined to be necessary to enable the plan sponsor to comply with the requirements of this part.

21. Karwowski has failed to comply to the Information Request in a timely fashion to produce the requested information and documents as required under section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

**WHEREFORE,** Plaintiffs request the following relief:

(A) An order compelling Defendant Karwowski and Integrity to submit full and complete responses (including all documents requested) to the Pension Fund's May 30, 2017 Information Request, as required under section 4219(a) of ERISA, 29 U.S.C. § 1399(a);

(B) Attorneys' fees and costs pursuant to section 4301(d) of ERISA, 29 U.S.C. § 1451(d);

(C) That the Court retain jurisdiction over this cause pending compliance with its orders; and

(D) For such further or different relief as this Court may deem proper and just.

Respectfully Submitted,

/s/ David Malinowski
**NOVARA TESIJA, P.L.L.C.**
Paul M. Newcomer (P44501)
David Malinowski (P72076)
Katherine A. Tracey (P79445)
Attorneys for Plaintiffs
2000 Town Center, Suite 2370
Southfield, MI 48075
(248) 354-0380
pmn@novaratesija.com
dm@novaratesija.com
kat@novaratesija.com

Date: October 19, 2017